BREAUX, C. J.
The promissory notes held and owned by plaintiff on which it instituted this suit were signed by Chester P. Darrell as maker and indorsed by P. F. Herwig. They were executed for about $10,000, to bear interest, and contain the stipulation for attorney’s fee, also the following:
“Makers and ■ indorsers of this note hereby severally waive present of payment, notice of nonpayment, protest, and consent that a time of payment may be extended without notice thereof.”
In a peremptory exception, defendant pleads that the cause of action was ill-defined and that there was material variance in the petition.
This exception was overruled, we think properly. It had no merit.
The answer thereafter filed pleaded the general issue, and, in addition, that the notes sued on were renewals; that they were accommodation paper, indorsed by defendant for the accommodation of the plaintiff bank, in order to enable it to tide over the financial stringency; that the consideration has entirely failed, if ever they had consideration.
Defendant pleaded an agreement between *516 the officers of the bank and himself, and that despite all understanding the plaintiff intentionally or negligently permitted nearly five years to elapse before giving the defendant any notice or presenting any demand for payment ; that the bank favored Darrell; that the maker thereby prejudiced defendant's rights; that Darrell was not sued; and that wrongly, after these laches, it now seeks to compel him to pay the amount.
Defendant further pleaded that his attention was not called to, nor his suspicions awakened by, the small typewritten stipulation which is copied in and made part of the notes; that, had he known that the intention of the bank was to hold him to any sort of waiver, he would not have signed. Defendant charges fraud.
The notes were not made exclusively for the bank’s accommodation and issued without consideration. The proof is that the maker was indebted to plaintiff, the bank.
It was not understood, as alleged, that the defendant was to indorse the note to enable the maker to obtain money from the Bank of Morgan City. There was, as just stated, an indebtedness on the part of the maker. It was a renewal. As alleged, it remains as a fact that there was an indebtedness. It was accommodation paper; as such, however, binding upon the indorser. The value pf the paper was not lessened by the fact that the indorser signed as an accommodation indorser ; for whatever accommodation there was it was between the maker and the indorser. Weil v. Trosclair, 42 La. Ann. 171, 7 South. 232; Edwards, Bills and Notes, § 316; Randolph, Commercial Paper, § 363.
Evidently the purpose was security, which the bank desired and which the maker obtained. Though without consideration, it is binding. The credit given to the maker is consideration sufficient to bind the indorser. Paper thus indorsed in the hands of the creditor is binding.
There is no evidence showing that plaintiff was not a holder in good faith and for value.
It is as if each, the maker and the indorser, had received value. Whether the indorser understood, as between him and the maker, that the maker was or was not to receive cash for the note, is not of material importance. There is no evidence of the infirmity of the paper as between plaintiff and the holder and owner; and if it was a renewal of an old indebtedness it was equally as immaterial.
Inference is drawn or sought to be drawn from the fact that the bank authorized its officers to transfer some of its paper in order to raise money to tide over some financial difficulty.
It cannot be inferred from this alone that the bank sought and obtained the signature of the indorser in order to obtain bankable paper to be transferred. There is no evidence as relates to this paper; but, on the contrary, it is shown that the paper had full consideration as between the maker and the bank.
This, it strikes us, suffices in so far as relates to consideration.
As relates to notice and protest, the defendant complained:
Protest was waived. In regard to the fine print on the face of the paper sued on, and the allegation that defendant would have refused to sign if his attention had been called to the same: The small print was easily visible. It was legible. He should have read it before signing. He had no one to blame but himself. If it were a policy of insurance, with its many conditions in small print, the complaint might commend itself. In a promissory note such conditions as are inserted, as stated above, although in small print, afford no ground of release from the obligation the note represents.
The failure to sue on the note, another ■ground urged by the defendant, is not a good ground for-pelease of the maker or indorser, not shown to have been prejudiced by the de *518 lay. To have treated the notes as “dead assets,” and not to have collected interest on them, may have been negligence; but it is not such-negligence as releases the surety.
Defendant has also charged fraud, and in that connection has called attention to delays.
We have not found in this defense ground for relief. Both the maker and the indorser were alive at the time that the suit was tried. Neither of them testified in support of the charge of fraud, nor as relates to improper practice or prejudicial delays. The silence of the bank and its failure to act are not in themselves grounds supporting the serious allegations made. Such allegations must be supported by evidence amounting to proof.
We have found no such evidence in our study of the record.
Before concluding upon this point, we will state that it does not appear that the indorser ever at any time indicated to the bank that some steps should be taken in order to protect him from its demand in case the maker did not pay..
We have given this case our best attention, and have not found good ground to reverse the judgment.
The appellant invites our attention to error in the judgment. The name of a person not executor of the succession- of defendant was inserted in the judgment.
Under the circumstances, to which we will refer in a moment, we do not think it affords good ground to remand the ease.
The appellee joined in the appeal, and asked for a correction of this error — urged that it was an oversight.
We are of opinion that it was the merest clerical error.
The name of Martin H. Sullivan, as co-executor of A. G. Phelps of the succession of 'defendant, was not inserted in the judgment, although he was the party sued and the one against whom the judgment had been rendered. The name of Martin H. Manion, who was in no way connected with the succession, was inserted in place of Martin H. Sullivan.
The judgment can be corrected at this time.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is amended only so far as to decree that the estate of P. F. Herwig, represented by A. G. Phelps and Martin H. Sullivan, executors, be condemned in the amount specified in the judgment appealed from. (The name of Martin H. Manion is canceled.) As amended, the judgment is affirmed.
It is further ordered, adjudged, and decreed that appellee pay costs.